ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL X

| JOSÉ EDUARDO GARCÍA CORRADA; JOSÉ BENEDICTO GARCÍA TORRES; JOHN RICHARD NELL, MICHELLE NELL Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS; OBEDILIA MELÉNDEZ LÓPEZ, MARÍA DEL CARMEN MONTERO MARTÍNEZ, CARLOS GUILLERMO MONTERO MARTÍNEZ, CARLOS LUIS MONTERO MELÉNDEZ, RICARDO MONTERO MELÉNDEZ<br><br>APELANTES<br><br>VS.<br><br>CARMEN IRIS COLÓN SANTIAGO Y PATRICIA QUIARA SERRA COLÓN<br><br>APELADOS | TA2026AP00438 | *Apelación* procedente del Tribunal de Primera Instancia Sala Superior de Carolina<br><br>Caso Núm.: CA2025CV02306<br><br>Sobre: Daños y Perjuicios por Incumplimiento de Contrato |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Ronda Del Toro y la Juez Lotti Rodríguez.

Lotti Rodríguez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 12 de junio de 2026.

Comparecen ante nos los apelantes, José Eduardo García Corrada, José Benedicto García Torres, John Richard Nell, Michelle Nell, Obedilia Meléndez López, María del Carmen Montero Martínez, Carlos Guillermo Montero Martínez, Ricardo Montero Meléndez y Carlos Luis Montero Meléndez (en adelante y en conjunto, la parte apelante), mediante un recurso de *Apelación* presentado el 29 de abril de 2026 y solicitan que revisemos la *Sentencia Final* emitida por el Tribunal de Primera Instancia, Sala Superior de Carolina (en adelante, TPI o foro primario), el 4 de diciembre de 2025 y

notificada el 8 de diciembre de 2025. En el aludido dictamen, el TPI desestimó sin perjuicio la *Demanda* presentada por la parte apelante.

Por los fundamentos que exponemos más adelante, revocamos el dictamen apelado.

## I

El 15 de julio de 2025, los apelantes presentaron una *Demanda*[1] sobre daños y perjuicios por incumplimiento de contrato contra Carmen Iris Colón Santiago (en adelante, señora Colón Santiago), por sí y por la comunidad legal de gananciales existente como parte de la sucesión de Domingo Serra Romero (en adelante, señor Serra Romero o causante), y en contra de Patricia Quiara Serra Colón (en adelante, señora Serra Colón y, en conjunto con la señora Colón Santiago, la parte apelada), como parte de la sucesión del señor Serra Romero. En síntesis, alegaron que en el año 2006 adquirieron participaciones indivisas sobre la Finca Núm. 19,805 ubicada en Río Grande y que el señor Serra Romero y la señora Colón Santiago se habían obligado contractualmente a realizar la segregación y lotificación del inmueble. Adujeron que dichos compromisos nunca fueron cumplidos, que los vendedores, los señores Serra Romero y Colón Santiago, nunca les notificaron sobre la existencia de un pleito pendiente sobre el inmueble cuyo resultado podía imposibilitar la segregación y lotificación a la que se habían comprometido y que dicha actuación les ocasionó daños económicos cuya compensación reclamaban.

En la *Demanda* también se alegó que en el año 2012 los apelantes instaron una demanda contra el señor Serra Romero y la señora Colón Santiago y que, como parte de dicho procedimiento el TPI dictó una Sentencia Parcial el 3 de mayo de 2023, donde resolvió los contratos de compraventa y

---

[1] Entrada Núm. 1 del Sistema Unificado de Manejo y Administración de Casos (SUMAC) del TPI.

condenó a los demandados en dicho pleito a pagar, entre otras cosas, las sumas entregadas por concepto de compraventa.[2]

Luego de ese dictamen, quedó pendiente la celebración de una vista evidenciaria para determinar los daños, pero en el proceso el señor Serra Romero falleció y el foro primario ordenó a las partes hacer los trámites correspondientes para realizar la sustitución de la parte fallecida. Sin embargo, según alega la parte apelante, dicha orden no se cumplió y en enero de 2025 el TPI dictó Sentencia Final ordenando la desestimación sin perjuicio del pleito pendiente.

Posteriormente, y como parte del caso de epígrafe, la parte apelada compareció el 26 de septiembre de 2025 y presentó una *Moción en Cumplimiento de Orden y en Solicitud de Desestimación*[3]. Alegaron que los hechos reclamados surgían principalmente de actuaciones atribuidas al señor Serra Romero y que, aunque Patricia Quiara Serra Colón y Leslie Elizabeth Serra Carrasquillo habían sido declaradas herederas del causante, ambas habían repudiado la herencia. A tales fines, acompañaron la *Resolución* sobre Declaratoria de Herederos del causante, emitida el 8 de julio de 2024, y la Escritura Núm. 50 sobre Repudiación de Herencia otorgada por Patricia Quiara Serra Colón, el 5 de agosto de 2025, ante la notario Iris Yolanda Torrens Rosa.

Según sostuvieron, ya que las herederas del señor Serra Romero habían repudiado su herencia y ante la ausencia de otros herederos declarados, la sucesión constituía una parte indispensable ausente cuya falta impedía adjudicar la controversia, por lo que procedía la desestimación del pleito.

El 14 de octubre de 2025, la parte apelante presentó su *Oposición a Moción de Desestimación*[4]. Argumentó que la señora Serra Colón había

---

[2] Surge del expediente del caso de epígrafe que dicha Sentencia Parcial fue dictada en el caso FAC2012-1148 del TPI, Sala de Carolina.
[3] Entrada Núm. 9 del SUMAC del TPI.
[4] Entrada Núm. 11 del SUMAC del TPI.

realizado actos incompatibles con una eventual repudiación de la herencia, entre ellos la gestión de la declaratoria de herederos y actuaciones relacionadas con los bienes del causante. Sostuvo que tales actuaciones constituían aceptación tácita de la herencia, por lo que la posterior escritura de repudiación carecía de eficacia jurídica. Además, alegó que la conducta de las apeladas durante los procedimientos previos evidenciaba una estrategia dirigida a evadir responsabilidad y solicitó, en la alternativa, que se permitiera descubrimiento de prueba sobre los actos constitutivos de aceptación tácita antes de resolver la solicitud de desestimación.

Evaluados los planteamientos de las partes, el 4 de diciembre de 2025 el TPI dictó *Sentencia Final*[5], notificada el 8 de diciembre de 2025. El foro primario concluyó que la sucesión de Domingo Serra Romero constituía una parte indispensable y que, "[h]abiendo repudiado ambas demandadas la herencia mediante escritura pública", no existía representante de dicha sucesión en el pleito. En consecuencia, declaró Ha Lugar la solicitud de desestimación y desestimó sin perjuicio la *Demanda*.

Inconforme, el 23 de diciembre de 2025 la parte apelante presentó una *Moción de Reconsideración*[6]. Argumentó que la desestimación descansaba sobre una premisa incorrecta, pues la señora Colón Santiago no comparecía en calidad de heredera sino por derecho propio como contratante y codemandada en los hechos reclamados. Asimismo, reiteró que la señora Serra Colón había realizado actos que constituían aceptación tácita de la herencia y que el Tribunal había errado al validar la repudiación sin atender esos planteamientos ni permitir descubrimiento de prueba sobre dicha controversia. Solicitó que se dejara sin efecto la desestimación o, subsidiariamente, que se autorizara el descubrimiento de prueba correspondiente.

---

[5] Entrada Núm. 12 del SUMAC del TPI.
[6] Entrada Núm. 13 del SUMAC del TPI.

El 27 de marzo de 2026, notificada el 30 de marzo de 2026, el foro primario declaró No Ha Lugar la solicitud de reconsideración.[7]

Aún inconforme, el 29 de abril de 2026 la parte apelante instó el recurso de epígrafe y formuló los siguientes señalamientos de error:

> **PRIMER ERROR:** Erró el Tribunal de Primera Instancia al desestimar la totalidad del pleito por alegada falta de parte indispensable, cuando subsistía una reclamación independiente y viable contra la Sra. Carmen Iris Colón Santiago, cuya responsabilidad por incumplimiento contractual había sido previamente adjudicada mediante Sentencia Parcial Enmendada *Nunc Pro Tunc* de 3 de mayo de 2023, quedando pendiente únicamente la determinación de los daños correspondientes.
>
> **SEGUNDO ERROR**: Erró el Tribunal de Primera Instancia al acoger como válida la alegada repudiación de herencia invocada por Patricia Quiara Serra Colón y desestimar la acción por falta de parte indispensable sin permitir a la parte apelante realizar descubrimiento de prueba dirigido a demostrar los actos de aceptación tácita previamente alegados, privándole así de su derecho a un debido procedimiento de ley y a que la controversia se adjudicara en sus méritos.

Por su parte, las apeladas comparecieron con su oposición y defendieron la corrección de la sentencia apelada. Sostuvieron que la señora Serra Colón repudió válidamente la herencia mediante escritura pública y que, ante la ausencia de herederos que representaran la sucesión del señor Serra Romero, esta constituía una parte indispensable cuya ausencia impedía la continuación del pleito.

Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

### II

### A. Desestimación por Falta de parte indispensable

La Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, permite a un demandado solicitar al tribunal que desestime la demanda antes de contestarla "cuando es evidente de las alegaciones de la demanda que alguna de las defensas afirmativas prosperará". *Conde Cruz v. Resto Rodríguez et al.*, 205 DPR 1043, 1065 (2020); *Sánchez v. Aut. de los Puertos*, 153 DPR 559,

---

[7] Entrada Núm. 16 del SUMAC del TPI.

569 (2001). Esa solicitud deberá hacerse mediante una moción y basarse en uno de los fundamentos siguientes: (1) falta de jurisdicción sobre la materia o persona, (2) insuficiencia del emplazamiento o su diligenciamiento, (3) dejar de exponer una reclamación que justifique la concesión de un remedio, o (4) dejar de acumular una parte indispensable. Regla 10.2 de Procedimiento Civil, *supra*; *Conde Cruz v. Resto Rodríguez et al.*, *supra*. Es decir, la omisión o no acumulación de partes indispensables constituye una defensa para la parte contra quien se reclama y puede ser fundamento para una moción de desestimación. Regla 10.2(6) de Procedimiento Civil, *supra*.

Por su parte, la Regla 16.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 16.1, dispone que aquellas personas que tengan un interés común sin cuya presencia no pueda adjudicarse la controversia deberán hacerse parte y acumularse como demandantes o demandadas, según corresponda.

Nuestro Tribunal Supremo ha reconocido que, como parte de las garantías del debido proceso de ley, resulta necesario acumular a todas las personas que posean un interés común en el pleito. *Inmob. Baleares et al. v. Benabe et al.*, 214 DPR 1109, 1120 (2024); *Pérez Ríos et al. v. CPE*, 213 DPR 203, 212 (2023). Ello responde a dos principios fundamentales: "(1) la protección constitucional que impide que una persona sea privada de la libertad y propiedad sin un debido proceso de ley, y (2) la necesidad de que el dictamen judicial que en su día se emita sea uno completo." *Inmob. Baleares et al. v. Benabe et al., supra*; *Pérez Ríos et al. v. CPE, supra; RPR & BJJ, Ex Parte*, 207 DPR 389, 407 (2021); *Cepeda Torres v. García Ortiz*, 132 DPR 698, 704 (1993).

Ahora bien, el interés común al que alude la referida regla no comprende cualquier interés relacionado con el pleito, sino uno de tal naturaleza que impida adjudicar el derecho reclamado sin afectar los derechos de las personas ausentes que tengan interés en la controversia. *Inmob. Baleares et al. v. Benabe et al., supra*, pág. 1121; *Pérez Ríos et al. v.*

*CPE, supra*, pág. 213; *López García v. López García*, 200 DPR 50, 64 (2018). Además, el interés afectado debe "ser real e inmediato, no especulativo ni futuro, que impida la confección de un remedio adecuado porque podría afectar o destruir radicalmente los derechos de esa parte ausente." *Inmob. Baleares et al. v. Benabe et al., supra*; *Pérez Ríos et al. v. CPE, supra*.

En consecuencia, resulta importante determinar si el tribunal podrá hacer justicia y conceder un remedio final y completo sin afectar los intereses del ausente. *Romero v. SLG Reyes*, 164 DPR 721, 733 (2005). Por ello, si la persona que se considera parte indispensable no está presente en el litigio, se trasgrede su debido proceso de ley. *Rivera Marrero v. Santiago Martínez,* 203 DPR 462, 479 (2019).

Por otro lado, es menester subrayar que, "[d]e tal arraigo es el interés de proteger a las partes indispensables, que la no inclusión en el pleito de una parte indispensable constituye una defensa irrenunciable, la cual puede presentarse en cualquier momento durante el proceso." *Pérez Rosa v. Morales Rosado*, 172 DPR 216, 223 (2007).

A tenor con lo anterior, debido a la importancia de incluir en el pleito a una parte indispensable, el hecho de no acumularla podría conllevar la desestimación de este. *Aponte v. Román*, 145 DPR 477, 484 (1998) (SENTENCIA). Ahora bien, ello no significa que se desestimará la causa de acción de forma automática. Ante esa circunstancia, el tribunal puede brindarle la oportunidad a una parte de traer a la parte omitida, siempre que pueda asumir jurisdicción sobre ésta. *Id.*, págs. 484-485. Es decir, "si una parte indispensable no ha sido unida al pleito, el tribunal debe ordenar que dicha parte sea incorporada y en caso de que no se le acumule porque dicha parte esté fuera de la jurisdicción o por cualquier otra razón, procederá entonces la desestimación de la demanda". *Id.*, pág. 485, citando a R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, San Juan, Ed. Michie de Puerto Rico, 1997, Sec. 1208, pág. 116.

### B. Aceptación tácita de la herencia

Nuestro Código Civil de 2020, 31 LPRA sec. 5311 *et seq.,* dispone todo lo concerniente la aceptación o repudiación la herencia. El Artículo 1576 del referido Código establece que toda persona que no tiene restricción para obrar puede aceptar o repudiar la herencia. 31 LPRA sec. 11019. De manera que, el llamado por ley o mediante testamento para recibir el caudal hereditario es libre para aceptar o rechazar el llamamiento. *Scotiabank v. Sucn. Quiñones et al.,* 206 DPR 904, 920 (2021).

Ahora bien, para adquirir una herencia no basta con la muerte del causante, sino que, además, es necesaria la aceptación por parte del llamado a suceder, a quien se le reconoce también la posibilidad de rechazarla. *Id.*, pág. 919.

En concordancia con lo anterior, la delación es el momento a partir del cual una persona puede aceptar o repudiar la herencia o el legado. Art. 1568 del Código Civil, 31 LPRA sec. 11011. Conforme a ello, se acepte o se repudie la herencia se tratará como un acto irrevocable, libre y voluntario, cuya validez solo podrá ser impugnada por adolecer de alguno de los vicios que anula el consentimiento o ante la aparición de un testamento desconocido. Art. 1571 del Código Civil, 31 LPRA sec. 11014; *Scotiabank v. Sucn. Quiñones et al., supra,* pág. 920. Conviene mencionar que los efectos de la aceptación o repudiación se retrotraen al momento de la muerte de la persona a quien se hereda. Art. 1572 del Código Civil, 31 LPRA sec. 11015.

Así pues, la aceptación puede hacerse de forma expresa mediante documento público o privado. Art. 1579 del Código Civil, 31 LPRA sec. 11022. Igualmente, la aceptación puede ser tácita cuando el llamado a heredar: (a) dona o transmite a título oneroso su derecho a la herencia o a alguno de los bienes que la componen; (b) renuncia a favor de uno o de algunos de los llamados a la herencia; y (c) sustrae u oculta bienes de la herencia. Art. 1580 del Código Civil, 31 LPRA sec. 11023. Además, se entenderá por aceptada la

herencia cuando vence el plazo fijado por el TPI para que el heredero acepte. *BBVA v. Latinoamericana,* 164 DPR 689, 696 (2005).

Ahora bien, para ilustrar aún más lo que constituye una aceptación tácita, la jurisprudencia española ha reconocido como ejemplos de esta el cobrar un crédito a favor del caudal; vender bienes del caudal para el pago de deudas; sustituir al causante como parte de un procedimiento judicial; comparecer a la partición como parte para oponerse a la ejecución de un crédito contra bienes del caudal; otorgar escritura de arrendamiento de bienes del caudal en la condición de heredero; reclamar a un deudor del caudal que le rinda cuentas e interponer demanda relativa a los bienes relictos. M.R. Garay Aubán, *Código Civil 2020 y su historial legislativo: Artículo, Referencias, Concordancias, Notas del Compilador y Memoriales Explicativos*, 2da. Ed., San Juan, Ed. Situm, 2021, T. 2, pág. 66.

En *Rodríguez v. Ubides Vda. de Font,* 58 DPR 252, 258-259 (1941), nuestro más Alto Foro explicó los comentarios hechos en el Código Civil Español, del cual surge la aceptación tácita adoptada en nuestro ordenamiento. En particular, para que se entienda que hubo aceptación tácita, se requiere actos del heredero o realizados en su nombre. *Id.*, pág. 258. Estos actos se definen como "hechos propiamente dichos, manifestaciones escritas o palabras que dan cuerpo y vida a esa acción". *Id.* Dichos actos deben ser tales, que necesariamente supongan la intención, o la voluntad de aceptar. *Id.*

Adviértase que, para que la aceptación tácita equipare los efectos de la expresa, la ley tiene que referirse a actos que ofrezcan la misma garantía de madura reflexión que supone un documento escrito en el que se toma la cualidad de heredero. *Id.* De modo que, "[s]i pueden tener distinta significación o interpretarse de un modo diferente, no hay aceptación. . .". *Id.*, págs. 258-259.

En esta modalidad, lo determinante es que el llamado a heredar no expresa por escrito su deseo de ser heredero, sino que lleva a cabo actos en los que actúa como tal. *Id.*, pág. 258. Por lo tanto, "es indispensable, para que exista una aceptación tácita, que los actos que realice el heredero supongan ineludiblemente la intención o voluntad de aceptar". *Sucn. Maldonado v Sucn. Maldonado,* 166 DPR 154, 178 (2005).

Por otro lado, no se acepta la herencia tácitamente "cuando el llamado realiza actos posesorios, de conservación, de vigilancia o de administración o cuando paga los impuestos que gravan la sucesión, salvo que, con tales actos, tome el título o la cualidad de heredero". Art. 1581 de Código Civil, 31 LPRA sec. 11024. De igual forma, no acepta tácitamente la herencia el que renuncia gratuitamente a esta, en favor de las personas a las que se transmite la cuota del renunciante. *Id.*

En cambio, la repudiación de la herencia es el acto por el cual el llamado a suceder manifiesta su voluntad de no ser heredero. Art. 1582 del Código Civil, 31 LPRA sec. 11025. Este puede hacerse mediante una escritura pública o un escrito dirigido al tribunal. Art. 1583 del Código Civil, 31 LPRA sec. 11026.

### C. Descubrimiento de prueba

Por otro lado, es un principio reiterado que el descubrimiento de prueba debe ser uno amplio y liberal. *Cruz Flores et al. v. Hosp. Ryder et al.*, 210 DPR 465, 496 (2022); *Berríos Falcón, et al. v. Torres Merced*, 175 DPR 962, 971 (2009); *Rivera y otros v. Bco. Popular, supra,* pág. 152. Asimismo, nuestro Tribunal Supremo ha expresado que "los tribunales de instancia tienen amplia discreción para regular el ámbito del descubrimiento, pues es su obligación garantizar una solución justa, rápida y económica del caso, sin ventajas para ninguna de las partes." *Cruz Flores et al. v. Hosp. Ryder et al.*, *supra*, págs. 496-497. Esto debido a que, utilizando de manera adecuada este mecanismo, se aceleran los procedimientos, las transacciones y, se evitan

sorpresas indeseables durante la celebración del juicio. *McNeil Healthcare, LLC v. Mun. Las Piedras II,* 206 DPR 659, 672 (2021).

Por ello, se puede admitir el descubrimiento de todos los asuntos que puedan tener cualquier relación posible con la materia que es objeto del litigio, aunque no estén relacionados con las controversias específicas que han sido planteadas en las alegaciones, siempre que exista una posibilidad razonable de relación con el asunto en controversia. *García Rivera et al. v. Enríquez,* 153 DPR 323, 333-334 (2001).

**III**

En su primer señalamiento de error, la parte apelante sostiene que el foro primario incidió al desestimar la totalidad del pleito por alegada falta de parte indispensable, aun cuando subsistía una reclamación independiente contra la señora Colón Santiago. Le asiste la razón.

Surge de las alegaciones de la *Demanda* que la reclamación presentada no se dirigió exclusivamente contra la sucesión del señor Serra Romero. Por el contrario, los apelantes atribuyeron actuaciones tanto al señor Serra Romero como a la señora Colón Santiago en su carácter personal. En específico, alegaron que ambos participaron en las compraventas realizadas en el año 2006, asumieron obligaciones contractuales relacionadas con la segregación y lotificación del inmueble y omitieron informar la existencia de un pleito que podía afectar el cumplimiento de dichas obligaciones.

Asimismo, los apelantes alegaron que dichas actuaciones ya habían sido objeto de adjudicación judicial en el pleito previo instado contra el señor Serra Romero y la señora Colón Santiago. Según surge de la propia *Demanda,* mediante Sentencia Parcial emitida el 3 de mayo de 2023 el foro primario resolvió los contratos de compraventa y adjudicó responsabilidad a ambos demandados, quedando pendiente únicamente la determinación de los daños reclamados.

Por consiguiente, erró el foro primario al concluir que la totalidad de la controversia dependía exclusivamente de la comparecencia de representantes de la sucesión del señor Serra Romero. Aun si la sucesión del señor Serra Romero no se encontraba adecuadamente representada en el pleito, ello no justificaba la desestimación total de la acción. La señora Colón Santiago fue demandada por actuaciones realizadas en su carácter personal y contractual, independientemente de cualquier reclamación que pudiera existir contra el patrimonio del causante.

Por ello, concluimos que el primer señalamiento de error fue cometido.

En cuanto al segundo señalamiento de error, la parte apelante sostiene que el foro primario erró al aceptar como válida la repudiación de herencia invocada por la señora Serra Colón y desestimar la acción sin permitir descubrimiento de prueba dirigido a demostrar actos de aceptación tácita. Le asiste la razón.

En la *Oposición a Moción de Desestimación* la parte apelante alegó que la señora Serra Colón había realizado actos incompatibles con una eventual repudiación de la herencia, entre ellos haber promovido la declaratoria de herederos y haber realizado actuaciones relacionadas con bienes pertenecientes al causante. Aunque dichas alegaciones fueron formuladas de manera general y sin identificar con precisión actos concretos que, de forma inequívoca, supusieran la aceptación de la herencia o la condición de heredera, ello no relevaba al foro primario de atender dicho planteamiento antes de disponer definitivamente de la controversia.

Como vimos, la aceptación tácita requiere actos que necesariamente supongan la intención de aceptar la herencia y que no admitan otra interpretación razonable. *Rodríguez v. Ubides Vda. de Font, supra*; *Sucn. Maldonado v. Sucn. Maldonado, supra.* Asimismo, nuestro ordenamiento favorece un descubrimiento de prueba amplio y liberal cuando este pueda

conducir al esclarecimiento de hechos pertinentes a la controversia. *Cruz Flores et al. v. Hosp. Ryder et al.*, *supra*, págs. 496-497.

Así pues, una vez la parte apelante planteó que la señora Serra Colón había realizado actos incompatibles con una posterior repudiación de la herencia, correspondía al foro primario permitir el desarrollo de la prueba necesaria para colocar al tribunal en posición de determinar si tales actuaciones constituían o no una aceptación tácita de la herencia. Solo luego de dilucidada esa controversia podía evaluarse adecuadamente el alcance y efecto jurídico de la escritura de repudiación presentada por la parte apelada.

De concluirse que las actuaciones atribuidas a la señora Serra Colón constituyeron una aceptación tácita de la herencia, correspondería entonces examinar si dicha aceptación tuvo el efecto de hacer ineficaz la posterior repudiación invocada para solicitar la desestimación del pleito. Por el contrario, de determinarse que no ocurrió aceptación tácita alguna y que la repudiación fue válida y eficaz, ello tampoco conduciría automáticamente a la desestimación de la acción.

En ese escenario, el foro primario debía conceder a la parte apelante una oportunidad razonable para enmendar sus alegaciones y acumular a las personas llamadas a suceder al causante o a cualquier otra persona cuya presencia resultara necesaria para la adecuada representación de los intereses sucesorales envueltos en la controversia. Después de todo, la finalidad de la doctrina de parte indispensable es propiciar una adjudicación completa y justa de la controversia, no impedirla mediante una desestimación prematura cuando existe la posibilidad de subsanar la ausencia de las partes necesarias.

Por consiguiente, concluimos que el foro primario erró al desestimar la acción sin antes permitir el descubrimiento de prueba pertinente para atender el planteamiento de aceptación tácita y, de resultar necesario,

conceder una oportunidad razonable para acumular las partes indispensables correspondientes.

**IV**

Por los fundamentos antes expuestos, revocamos la *Sentencia Final* apelada y devolvemos el caso al foro primario para la continuación de los procedimientos conforme a lo aquí resuelto.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones